Filed at 11:00 AM
12-21-04
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## MINUTE SHEET

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

( X )  OPEN COURT                                    DATE: DECEMBER 6 - 17, 2004

**HONORABLE CLAY D. LAND**                 COURTROOM DEPUTY: ELIZABETH LONG
                                                                       COURT REPORTER: BETSY PETERSON

**CASE NO: 5:03-CR-83 (CDL)**

UNITED STATES OF AMERICA

                                                        COUNSEL:   JENNIFER COLEMAN
                                                                             TRACIA KING

VS.

EDDIE MILTON GAREY

                                                        COUNSEL:   EDDIE MILTON GAREY
                                                                             SCOTT HUGGINS (on stand-by)

CAME ON FOR JURY TRIAL

Monday, December 6, 2004
1:00 p.m. Jurors reported for duty
1:30 p.m. Hearing in Chambers re: Defendant's Motion to Disqualify Counsel [EX. 1 attached]
- Motion [168] GRANTED
- Mr. Huggins is to remain for the duration of the trial as stand-by counsel
- Mr. Garey complained about his wardrobe. US Marshal took a photo [Ex. 1A attached]
2:30 p.m. hearing adjourned
2:40 p.m. Jury Sworn / began Voir Dire
4:30 p.m. end of open court voir dire
4:36 p.m. voir dire continued in chambers regarding supplemental questionnaires
5:47 p.m. Strike jury
6:00 p.m. Jury empaneled (Jurors: 2, 5, 28, 29, 30, 52, 56, 61, 63, 69, 84, 87, and alternates will be 94, 99, 100 and 108)
6:35 p.m. Court recessed for the day. Court will begin at 9:00 a.m., Tuesday, December 7, 2004, outside the presence of the jury. Jury to report to the jury room and be ready to begin by 9:30 a.m.

Tuesday, December 7, 2004
9:25 a.m. Court resumed outside the presence of the jury regarding Mr. Garey's decision to represent himself
- The Court finds Mr. Garey competent and fully informed of decision to self represent. Mr. Huggins will remain on standby until further notice from the Court.
- The Government argued in favor of presenting extrinsic evidence contained in phone call transcript.



- Defendant objected
- The Court finds the evidence relevant on the issue of identity of caller and finds the relevance outweighs any prejudice to the Defendant. Therefore, the Court will allow the government to introduce this evidence, over Defendant's objection.
10:15 a.m. enter jury
- jury sworn
- preliminary instructions given by the Court
10:26 a.m. Opening statements by Tracia King on behalf of the government
10:46 a.m. Opening statements by Mr. Eddie Milton Garey, Jr.
10:53 a.m. 15 minute break
11:10 a.m. Court resumed in session
- Government called first witness - Chief Rodney Monroe (direct conducted by Tracia King)
- Cross-examination of Chief Monroe by Mr. Garey
- Re-direct
- Government called Ms. Devony Sanford as 2nd witness (direct conducted by AUSA King)
- Cross-examination of Ms. Devony by Mr. Garey
- Government called Ms. Crystal Collier as 3rd witness (direct conducted by AUSA King)
- Re-direct
12:48 p.m. Court in recess for lunch until 2:00 p.m.
2:04 p.m. Court resumed in session outside the presence of the jury
- The Court informed Mr. Garey that Mr. Huggins will remain in the courtroom as stand-by counsel
2:06 p.m. enter jury
- Government called Joe Taylor as 4th witness (direct conducted by AUSA King)
2:57 p.m. cross-examination of Mr. Taylor by Mr. Garey
3:30 p.m. re-direct
3:42 p.m. 15 minute break
4:03 p.m. Court resumed in session outside the presence of the jury
4:06 p.m. enter jury
- Government called Ms. Debra Davis as 5th witness (direct conducted by AUSA Coleman)
- Cross-examination
- Government called Sharon Nesbitt as 6th witness (direct conducted by AUSA Coleman)
- Cross-examination of Ms. Nesbitt by Mr. Garey
- Government called Ms. Susan Long as 7th witness (direct conducted by AUSA Coleman)
- Cross-examination of Ms. Long by Mr. Garey
- Government called Consuela Jackson as 8th witness (direct conducted by AUSA Coleman)
- Government called Tasherra Burney as 9th witness (direct conducted by AUSA Coleman)
- Government called Teresa Robinson as 10th witness (direct conducted by AUSA Coleman)
- Cross-examination of Ms. Robinson by Mr. Garey
5:27 p.m. jury excused until 9:30 a.m., Wednesday, December 8, 2004
- The Court informed the parties of the need to hold a hearing with attorneys, and Mr. Garey, in the morning at 8:30 a.m. regarding a previous Order by the Court in which the government was allowed to assert a national security privilege.
5:45 p.m. Court is recess until 8:30 a.m.

Wednesday, December 8, 2004
8:42 a.m. Court resumed in session outside the presence of the jury
- Mr. Huggins addressed the Court in an effort to perfect the record regarding his involvement in the case at bar
- The Court asked the parties yesterday to be prepared this morning to discuss how the testimony of Mr. Taylor (the proposition that multiple phones can be programmed with the same phone number) impacts the Court's previous ruling allowing the government to assert a national security privilege as to FBI investigative/tracing/surveillance/tracking techniques.
- Ms. King addressed the Court concerning this issue
- Mr. Garey addressed the Court regarding the same
- The Court will defer ruling at this time, but the government needs to understand that if, after hearing additional evidence, the Court concludes that Mr. Garey needs to know the techniques used to identify the phone in his home, the government will have to make available to Mr. Garey the agent who can explain the techniques. If the government continues to maintain the privilege, a motion for mistrial should be considered so the issue could be appealed.
9:14 a.m. recess until 9:30 a.m.
9:40 a.m. enter jury
- Court resumed in session
- Government called Robert Gouin as 11th witness (direct conducted by AUSA Coleman)
- Cross-examination of Ms. Gouin by Mr. Garey
- Government called Karon Alston as 12th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Government called Stacy Connor Flury as 13th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Cathy Steele as 14th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Brenda Sherman as 15th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
10:48 a.m. 15 minute break
11:10 a.m. Court resumed in session
- Ms. King addressed the Court regarding D-6
- The Court addressed the U. S. Marshal regarding the issuance of two subpoenas for witnesses who need to appear Monday
- The Court will issue a subpoena under seal placing the FBI Agent, questioned in camera, on notice that he may be needed to testify Monday
- All witnesses previously subpoenaed for defendant have been notified to appear on Monday
- Government called Elizabeth Enyart as 16th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Government called Debra Martin as 17th witness (direct conducted by AUSA King)
- Government called Bill Baker as 18th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Government called Al Shackelford as 19th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Government called Rafael Ereyi as 20th witness (direct conducted by AUSA King)
- Government called Debbie Roberts as 21st witness (direct conducted by AUSA Coleman)

- Government called Judy Martin as 22nd witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Joe Evans as 23rd witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey

1:50 p.m. Court resumed in session outside the presence of the jury
- Ms. King addressed the Court regarding D-6 and confirmed that the document was created by the Macon Police Department in furtherance of their investigation
- Based upon that information, Defendant will be allowed to ask the MPD officer about D-6 and attempt to have it admitted at that time

1:55 p.m. enter jury
- Government called Corrina Williams as 24th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Billy Skinner as 25th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Re-direct by Ms. King
- Re-cross

3:13 p.m. 15 minute break
3:38 p.m. Court resumed in session
- Government called Mickey McCallum as 26th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey
- Government called Sgt. Mark Cotton as 27th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey

5:15 p.m. jury excused until 9:00 a.m., Thursday, December 9, 2004
- Court addressed the parties regarding the status of the government's case
5:21 Court in recess until 9:00 a.m., December 9, 2004

Thursday, December 9, 2004
8:57 a.m. Court resumed in session outside the presence of the jury
- The Court addressed Mr. Garey regarding any additional witnesses he would like to place under subpoena. He needs to provide the Court with the names and addresses of those individuals in writing by the mid-morning break.
- Mr. Huggins informed the Court that Mr. Garey has requested that Mr. Huggins be allowed to cross-examine 3 witnesses.
- The government would like the opportunity to research the issue
- The Court will make a determination on that issue prior to those individuals being called to testify today.

9:10 a.m. enter jury
- Government called John Cox as 28th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Terry Williams as 29th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Lee Weathersby as 30th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Re-direct
- Re-cross

- Government called Jalaine Ward as 31st witness (direct conducted by AUSA King)
10:36 a.m. Court in recess for 15 minute break
- Ex-parte conference with the government
- Ex-parte conference with Mr. Huggins
- Ex-parte conference with Mr. Huggins and Mr. Garey
11:39 a.m. Court resumed in session
- Continued direct examination of Jalaine Ward
- Cross-examination by Mr. Gary
12:21 p.m. jury excused recess for lunch until 1:45 p.m.
- The Court notified Mr. Garey of the nature of the ex-parte conference with the government
- Ms. King addressed the Court regarding late disclosure of a document from Cingular Wireless (document given to Mr. Garey). Mr. Garey voiced that he would like to communicate with Mr. Greenberg, an engineer with Cingular Wireless, before Monday.
- The Court will hold a hearing Monday morning regarding this issue
- The Court informed Mr. Garey that he does not have a right to "hybrid counsel" and therefore, the Court will not allow Mr. Huggins to cross-examine any of the witnesses if Mr. Garey continues to represent himself.
- Ms. King addressed the Court regarding the admission of a document (the matter will be taken up in front of the jury)
12:40 p.m. in recess until 1:45 p.m.
1:48 p.m. (enter jury) Court resumed in session
- Ms. King asked that G-11F be admitted (ADMITTED over defendant's objection)
- Government called Byron Price as 32nd witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Re-direct
- Re-cross
- Government called Donald Baldwin as 33rd witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Government called Mike Toto as 34th witness (direct conducted by AUSA Coleman)
- Cross-examination by Mr. Garey
- Re-direct
- Re-cross
2:50 p.m. 15 minute break
3:04 p.m. Court resumed outside the presence of the jury
- The Court addressed the bifurcation of the conviction status
3:10 p.m. enter jury
- Government called Dan Rolince as 35th witness (direct conducted by AUSA King)
4:28 p.m. jurors excused for 15 minute break
- The Court addressed counsel due to defendant's claim that he has not seen discovery items (documents) prior to today (comment specifically made at the time of tendering exhibits G-45, 46, 47, 48, 49, 50, 51, 51a, 51b, 51c, 51d, 51e, and 51f)
- Ms. King addressed the Court
- Mr. Huggins addressed the Court
- Mr. Garey addressed the Court
4:41 p.m. 10 minute break

4:58 p.m. Court resumed in session
- Continued direct examination of Mr. Rolince

5:20 p.m. jury excused until 9:00 a.m., Monday, December 13, 2004
- The Court addressed the parties regarding the late disclosure of the Cingular Wireless document and finds that the late disclosure will be allowed (the Court is not now ruling on the admissibility of the document). Additionally, Mr. Greenberg, the engineer for Cingular Wireless, will be made available tomorrow at 1:30 p.m. via telephone for an interview.
- With regard to the FBI Agent for whom the *Vanhorn* privilege has been asserted, the Court is not going to address that issue until after hearing from Greenberg.
- In anticipating the Court's charge to the jury, parties should submit proposed jury instructions as to the defendant's right to object to the search after it has already been determined that the search was appropriate during the Suppression Hearing. The Court would like to know if defendant's arguments are irrelevant.
- The Government is to make available to Mr. Garey for review all evidence in the case tonight. Defendant objected to Agent Thompson being present during examination of the evidence.
Adjourned at 5:46 pm.

Monday, December 13, 2004
9:07 a.m. enter jury - Court resumed in session
- AUSA King continues direct examination of Agent Rolince
- Cross-examination of Agent Rolince by Mr. Garey
9:40 a.m. jury excused to take up a legal issue re: the search warrant
- The Government has given the defendant some latitude in his cross-examination of witnesses with regard to the legality of the search warrant, but the Court previously ruled the search warrant was legal. Ms. King cited case law to the Court in support of the argument that it is improper for the jury to consider the legality of the search warrant.
- Mr. Garey provided the Court with case law in support of his argument
- The Court will permit the defendant to cross-examine witnesses as to whether or not the phones found actually made the calls, but the Court's understanding of the law is that the defendant cannot assert in front of the jury the fact that the search was invalid. The defendant has preserved that argument and may appeal the issue should he be found guilty, but it is not appropriate to introduce evidence as to the legality of the search. Therefore, the Court is not going to allow the defendant to continue questioning witnesses in that regard.
9:53 a.m. 15 minute break
10:10 a.m. Court reconvened outside the presence of the jury
- Mr. Garey addressed the Court and asked that the previous ruling on the Motion to Suppress be reconsidered at a later time once additional evidence is presented.
- The Court finds that the legality of the search warrant is a legal issue and the Court's decision. Therefore, it is irrelevant for the jury to consider whether the search warrant was legal and questions such as that should not be asked of the witnesses.
10:15 a.m. enter jury
- Cross-examination by Mr. Garey (Even though Mr. Garey has this witness under subpoena for his case in chief, the Court instructed Mr. Garey to complete all questioning of this witness now so that Agent Rolince does not have to come back)

- Re-direct
- Government called Lakeisha Shannon as 36th witness (direct conducted by AUSA King)
- Cross-examination by Mr. Garey

11:50 a.m. jury excused to take up legal matter regarding "anger management" question
11:57 a.m. break
12:11 p.m. Court resumed in session

- Continued cross-examination of Ms. Shannon by Mr. Garey
- Re-direct
- Re-cross

12:20 p.m. jury excused for lunch until 1:30 p.m.

- The Court addressed counsel regarding a witness subpoenaed by Mr. Garey (Mark Thornton)
- Counsel to address the Court prior to reconvening as to intentions regarding this witness
- Government provided an additional request to charge regarding the warrant issue

12:29 p.m. recess until 1:30 p.m.
1:34 p.m. Court resumed in session outside the presence of the jury (With regard to Mr. Thornton, Mr. Garey would like to wait until the testimony of Detective Andrea Grinstead before he makes a determination as to the necessity of Mr. Thornton's testimony.)
1:36 p.m. enter jury

- Government called Amelia Smith as 37th witness (direct conducted by AUSA Coleman)
- Cross-examination of Ms. Smith by Mr. Garey
- Re-direct
- Re-cross
- Government called Earl Zeigler as 38th witness (direct conducted by AUSA King)
- Cross-examination of Mr. Zeigler by Mr. Garey
- Re-direct
- Re-cross

2:37 p.m. 15 minute recess
2:59 p.m. Court resumed in session

- Government called FBI Special Agent Michael G. Thompson as 39th witness

4:15 p.m. 10 minute break for jurors

- The Court addressed counsel, outside the presence of the jury regarding Mr. Zeigler's video tape (The Court finds the evidence should not be suppressed due to any attorney client privilege.)

4:21 p.m. break until 4:30 p.m.
4:30 p.m. Court resumed in session

- Continued direct examination of Agent Thompson
- Cross-examination of Agent Thompson by Mr. Garey

5:25 p.m. jury excused until 9:00 a.m., Tuesday, December 14, 2004 (at which time, Mr. Garey will continue with the cross-examination of Agent Thompson)

- The Court will notify Mr. Mark Thornton that he is to report at 2:00 p.m. tomorrow to testify

5:26 p.m. Court in recess until 9:00 a.m.

Tuesday, December 14, 2004
9:00 a.m. Court resumed in session

- Continued cross-examination of Agent Thompson by Mr. Garey

10:35 a.m. 15 minute break

10:55 a.m. Court resumed in session
- Continued cross-examination of Agent Thompson by Mr. Garey
12:18 p.m. recess for lunch until 1:30 p.m.
1:35 p.m. Court resumed in session
- Continued cross-examination of Agent Thompson by Mr. Garey
- Re-direct by AUSA King
- Re-cross
- Government called Darren Greenberg as 40th witness (direct conducted by AUSA King)
3:30 p.m.
-Jury excused. Court ruled that Defendant's need for information/evidence outweighed Government's security and/or privilege (tracing ESN).
-Parties agreed Defendant should go ahead and call Mr. Thornton (a defense witness) due to his health issues.
3:45 p.m. Trial resumed.
-Defendant called Mr. Thornton out of sequence as 1st witness
-Cross-examination by Government. (AUSA Coleman).
4:10 p.m.
-Re-cross by Defendant.
-Objection by Government as to Defendant asking Witness Thornton about being a suspect of making bomb threats. Overruled.
4:15 p.m.
-LaKeisha Shannon re-called. Examined by Defendant. No cross-examination by Government.
-Exhibits D-41 and D-42 admitted.
4:25 p.m.
-Grinstead called by Government. (AUSA Coleman examined witness).
-Direct examination by Government.
-Government's exhibit G-13 admitted.
-Cross-examination by Defendant.
-Witness Grinstead is shown D-1, D-2.
-(Defendant's witnesses are excused for the day.)
-Exhibit D-43 admitted.
-Exhibit D-44 admitted.
-Defendant requests to look at D-27 (not admitted). Witness Grinstead is shown D-27.
-Exhibit D-45 admitted.
-Exhibit D-47 admitted.
-Exhibit D-46 admitted. Exhibit D-48 marked & admitted
5:55 p.m. Court in recess until 9:00 a.m.

Wednesday, December 15, 2004
9:03 a.m. Court resumed outside the presence of the Court
- Parties need to prepare and submit proposed jury instructions regarding the definition of Intent to Deceive
- The Court has been made aware that Alternate #3 has a prior engagement scheduled to take place in Louisiana this Friday - the parties voiced no opposition to excusing the witness - the witness is hereby excused

9:12 a.m. enter jury
- Continue cross-examination of Officer Grinstead by Mr. Garey
- Re-direct

10:27 a.m. Government rests pending any rebuttal (15 minute recess)

10:35 a.m. break until 10:45 a.m. at which time, Defendant will make a Motion for Judgment of Acquittal

10:50 a.m. Court resumed outside the presence of the jury
- Mr. Garey addressed the Court and made his oral Motion for Judgment of Acquittal
- Ms. King addressed the Court
- The Court denies defendant's Motion for Judgment of Acquital

11:17 a.m. enter jury
- Defendant called Julia Leonard as 2nd witness

11:49 a.m. continue the direct examination of Ms. Leonard to allow the government time to pull all of the Cingular Wireless Subpoenas and Mr. Garey will be able to continue the examination after lunch
- Defendant called Kevin Wayne Ray as 3rd witness

12:28 p.m. Jurors excused for lunch until 1:45 p.m.
- The Court addressed the attorneys. The government is to provide Mr. Garey, for his review, all subpoenas directed to Cingular Wireless during the lunch break. A government rep will be permitted to remain in the room while Mr. Garey reviews the subpoenas if they are the originals. However, if copies are available, Mr. Garey can review the copies without government supervision.

12:41 p.m. recess until 1:45 p.m.

1:48 p.m. Court resumed in session outside the presence of the jury
- The Court released Ms. Leonard for the remainder of the day and asked that she return in the morning at 9:00 a.m.

2:04 p.m. enter jury
- Defendant called Ginny Yarbrough as 4th witness
- Defendant called Officer Sandra Aldridge as 5th witness
- Defendant called Russell Yarbrough as 6th witness
- Cross-examination
- Defendant called Special Agent Gregory McClendon as 7th witness
- Cross-examination of S.A. McClendon
- Re-direct

4:07 p.m. 15 minute break

4:25 p.m. Court resumed in session
- Defendant called Jennifer Rainey as 8th witness
- Cross-examination
- Re-direct
- Defendant called Harry Colbert as 9th witness
- Cross-examination
- Defendant called Mike Bittick as 10th witness

5:49 p.m. jury excused until 8:30 a.m., Thursday, December 16, 2004
- The Court addressed the attorneys to see if there is anything that needs to be taken up outside the presence of the jury prior to tomorrow morning.
- The Government produced to defendant all documents previously requested prior to lunch today.

(Additionally, a copy of every manual in Agent Thompson's possession.)
6:02 p.m. Court in recess until 8:30 a.m., December 16, 2004

8:30 a.m., Thursday, December 16, 2004
- 8:30 a.m. Court resumed outside the presence of the jury
- Mr. Garey voiced concern with some of the documents recently produced to him by the government and stated his opinion that the late disclosure was not necessary
- The Court responded stating that the late disclosure had not unduly prejudiced the defendant or caused him to suffer an unfair trial
8:47 a.m. enter jury
- Defendant called Shannon Wagner as Defendant's witness
- Defendant called Officer Gregory Rachel as 11th witness
- Cross-examination by AUSA Coleman
- Re-direct
- Defendant re-called Ms. Julia Leonard
- Defendant called Officer Helen Hughes Stephens as 12th witness
- Defendant called Sgt. Gregory Jefcoats as 13th witness
- Cross-examination
- Re-direct
10:00 a.m. jury excused
- Mr. Garey addressed the Court re: the subpoena of Mr. Brandon Evans
- U.S. Marshals attempted to serve Mr. Evans on 12/9/04, but he was not home
10:12 a.m. 15 minute recess
10:23 a.m. Court resumed in session outside the presence of the jury
- Mr. Garey has a statement, that the government has agreed to stipulate to, that will be entered in leiu of Mr. Evans' live testimony (D-69)
- Mr. Garey asked the Court that he be allowed to perform an "experiment" whereby a Macon/Bibb County 911 trunk line would be called via land line and a call report would be generated for that call showing whether or not the call came from a cell phone or a land line.
- The Court is not going to allow the "experiment" as it would introduce hearsay into the record
10:44 a.m. enter jury
- The Court notified the jury that the parties have agreed to allow the introduction of the typed interview of Brandon Evans in lieu of his live testimony
- The Court read the interview
- The Defendant rested
- The Government called Brent Chandler as rebuttal witness
- Cross-examination of Mr. Chandler
- Re-direct
- Re-cross
11:16 a.m.
- The Court found that the National Security Privilege and Tracking Techniques utilized by the FBI (as to how the defendant's location was found) outweighed the need of the defendant
- The Defendant addressed the Court and renewed his Motion for Judgment of Acquittal
- The Government responded to Defendant's argument
- Defendant's Motion for Judgment of Acquittal - DENIED

- The Defendant asked for Reconsideration of Motion to Suppress [# 71] - DENIED
- Defendant requested dismissal of all counts due to violations of due process rights and speedy trial statute - DENIED

11:31 a.m. CHARGE CONFERENCE

Government's exceptions or suggested changes to the proposed charge

1) - Mr. Fox addressed the Court on behalf of the government and submitted an additional charge regarding "intent to deceive" and asked that it be inserted on page 11. (The Defendant objected to the insertion of a definition and asked that the jurors use their own lay knowledge.) - The Court will not give the "intent to deceive" as the Defendant's request and the government's concurrence.
2) - Mr. Fox requested additional language regarding interstate commerce - denied
3) - Page 7, **definition of a threat** (requested addition of broader scope of weapons of mass destruction) - **granted**
4) - Page 8, objects to **second element listed** (as to bomb threats and asked that current language be deleted and add the following: "that the threat affected interstate or foreign commerce) - **granted**

Defendant's exceptions or suggested changes to the proposed charge

1) - Asked that the jury be charged as to civil rights violations - denied (not adjusted to the facts of this case)
2) - Requested that jury be charged as to First Amendment issues - denied (not adjusted to the facts of this case)
3) - Defendant asked that there be a Lesser Included Offense instruction - denied (the Court knows of no other lesser included offense)
4) - Page 8, delete the last sentence of the threat definition - denied
5) - Mere presence (regarding other people being present in the house when the search took place)
6) - Would like the charge that an inert device is not a weapon of mass destruction - denied (but, Defendant may argue that to the jury)

The Court
- Charge 11 on page 18 - Because there is evidence of a spontaneous utterance by the Defendant to S.A. Jalaine Ward, there should be a charge regarding confession.

- No objections to the Verdict Form
- The Government will have 1 hour and 15 minutes TOTAL (for opening and rebuttal closing arguments)
- The Defendant will have 1 hour and 15 minutes also for closing arguments
12:06 p.m. recess for lunch until 12:45 p.m.

12:45 p.m. enter jury
12:49 p.m. Closing Arguments
- Opening closing arguments by AUSA Coleman
1:19 p.m. Closing Arguments by Mr. Garey
2:22 p.m. 15 minute break
2:40 p.m. Court resumed in session
- Rebuttal closing arguments by AUSA King on behalf of the government
3:11 p.m. Charge conference

3:46 p.m. Jurors sent to the jury room
- Objections to the charge
5:10 p.m. Exhibits sent to the jurors to begin deliberations
5:50 p.m. Court in recess until 8:30 a.m., Friday, December 17, 2004, at which time the jury will reconvene in the deliberation room and resume deliberations.

Friday, December 17, 2004
8:30 a.m. jurors reconvened and resumed deliberations
8:51 a.m. The Court addressed counsel regarding two questions from the jury and suitable responses were agreed upon by all. The questions and responses will be marked as Court Exhibit 3 and will be included with other evidence as part of the trial record.
9:05 a.m. The Court addressed counsel regarding a *Blakely* concern. The government elected not to submit special interrogatories regarding sentencing, so the issue is moot.
9:37 a.m. jury reached a verdict - GUILTY ON COUNTS 1 - 26
- Defendant requested that the jury be polled
- The Court polled the jury
- The Court informed the jury that Count 27 was bifurcated and the trial for that count will begin immediately
- The Court read Count 27 of the Indictment to the jury
- The Government called Deputy USM Ken Britt as 1st witness in the bifurcated portion of the trial
- Cross-examination of Deputy Britt
- The Government called Officer Mickey McCallum as 2nd witness in the bifurcated portion of the trial
- The Government tendered Officer McCallum as a finger print expert
- Defendant objected to Officer McCallum being qualified as an expert and questioned the witness
- The Court finds Officer McCallum's qualifications sufficient to give expert testimony over Defendant's objection
10:38 a.m. jury excused to take up a legal matter
- Defendant wants to collaterally attack the two previous convictions by stating he was incompetent, that they were overturned, and that one conviction was a *no lo contendre* pleas and therefore is not admissible.
- Ms. King addressed the Court on behalf of the government
10:41 a.m. 10 minute recess
10:53 a.m. Court resumed in session
- The Government concedes that one of the convictions is a result of a *no lo* plea, but it has no relevance with regard to possession of ammunition by a convicted felon.
- Defendant addressed the Court regarding both the *no lo* plea and his competency
- The Court finds that Defendant cannot contest the two convictions collaterally
- Preliminary Charge Conference regarding Count 27
- The Government had no objections to the Court's Proposed Charge
- The Defendant objected
- The Court will suspend this charge conference until the close of evidence
11:15 a.m. enter jury
- Cross-examination of Officer McCallum
- Government called Jeff Bagwell as next witness
- Cross-examination

- Government rested
- Defendant called Mabel Duncan as 1st witness during the second phase
- Defendant called James Duncan as 2nd witness during the second phase
- Defendant addressed the Court regarding the evidence seizure log for the 2nd search
- Defendant rested

12:09 p.m. jury excused for lunch until 1:45 p.m.

- Charge Conference
- The Government has no objections to the charge regarding Count 27
- The Defendant requested an antique firearm charge - The Court will review the statute regarding the antique firearm exemption and reserved ruling at this time
- Each side will have 30 minutes for closing

12:17 p.m. Court in recess for lunch until 1:45 p.m.
2:05 p.m. Court resumed outside the presence of the jury

- The Court finds there is no evidence to support the antique firearm charge, and furthermore the statute regarding the antique firearm exception does not apply to this case.

2:10 p.m. enter jury

- Government waived closing arguments
- Defendant gave closing arguments
- The Court charged the jury

2:26 p.m. the jurors returned to the jury room to begin deliberations

- Defendant raised objections regarding the case and requested a new trial
- The Court is going to appoint new counsel for sentencing and appeal purposes. Defendant will be notified once that individual is appointed.

2:32 p.m. recess awaiting a verdict
2:40 p.m. verdict reached
    - As to Count 27 - guilty
2:44 p.m. jury excused

- Defendant notified that the case will now be turned over to the U.S. Probation Office for the preparation of a presentence investigation report. The Court will appoint new counsel.
- AUSA King addressed the Court regarding evidence in the Defendant's possession (letters to individuals.

2:46 p.m. 15 break
3:00 p.m. Court resumed with counsel

- The Court appointed Mr. Bill Mason as new counsel for the defendant
- All information in the Defendant's possession, obtained through discovery (and containing personal information about witnesses, etc.) shall be turned over to his new attorney, Mr. Bill Mason.

3:35 p.m. Court adjourned