# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

EDDIE MILTON GAREY, JR.,   *

    Petitioner,   *
                                      CASE NO. 5:08-CV-90024 - CDL

vs.   *       28 U.S.C. § 2255
                                      CASE NO. 5:03-CR-83 - CDL

UNITED STATES OF AMERICA,   *

    Respondent.   *

## ORDER ON PENDING MOTIONS

Petitioner has filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. After the Magistrate Judge filed a Report and Recommendation recommending the denial of this motion, Petitioner filed a series of additional motions. This order addresses Petitioner's section 2255 motion as well as his other miscellaneous motions.

*Motion to Vacate, Set Aside, or Correct Sentence*
*Pursuant to 28 U.S.C. §2255*

In a thorough and well reasoned Report and Recommendation, the Magistrate Judge exhaustively analyzed each of Petitioner's grounds for relief and recommended that Petitioner's motion be denied. *Report and Recommendation,* March 29, 2010 (Doc. 357). Petitioner filed objections to the Report and Recommendation (Doc. 368) and also filed supplemental objections (Doc. 375).

After a *de novo* review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on

March 29, 2010 (Doc. 357) is hereby approved, adopted, and made the Order of the Court.

The objections of the Petitioner have been considered and are found to be without merit. The Court observes that Petitioner's objections for the most part simply repeat arguments previously made by Petitioner in support of his Petition. Petitioner does raise one new claim in his objections which he labels as Objections IV. Although the Court has the discretion to refuse to consider such objections raised for the first time in this manner, the Court has nevertheless considered the objections and finds them frivolous.

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is denied in its entirety.

*Certificate of Appealability*

The Court does find that one ground raised by Petitioner in his motion, "Ground Three w," merits further consideration by the Court of Appeals, and therefore, the Court issues a certificate of appealability as to the following issue:

Whether Petitioner's Sixth Amendment right to a public trial was violated when a court security officer, unbeknownst to the presiding judge, denied access to a member of the press during voir dire, and if such a violation occurred, whether it amounted to

2

structural error such that Petitioner is entitled to a new trial even though he did not object to the closure at the time he first learned of it which was prior to the presentation of any evidence in the case.

The Court finds the Magistrate Judge's comprehensive analysis of this issue in his Report and Recommendation to be persuasive. *See Report and Recommendation,* March 29, 2010, pp. 20-27 (Doc. 357). As noted by the Magistrate Judge, the denial of access to a member of the public was of limited duration (during voir dire), was not done at the direction of the judicial officer or even with his knowledge, and was immediately remedied upon being brought to the attention of the presiding judge prior to the presentation of any evidence and prior to the presentation of opening statements. Furthermore, some members of the public were present during voir dire as members of the jury panel, and thus those members of the public who were not selected for the jury but who were present during voir dire were present to observe the voir dire proceedings.

Although this Court does not seek to minimize the importance of conducting trials in full public view, the Court also strongly believes that this brief and inadvertent closure does not authorize a new trial for Petitioner. Nevertheless, the Court also recognizes that other reasonable jurists may disagree. Therefore, the Court issues this certificate of appealability on this limited

3

issue.

## *Other Miscellaneous Motions*

Subsequent to the filing of the Magistrate Judge's Report and Recommendation, Petitioner filed numerous miscellaneous motions which the Court rules upon as follows.

The Court considered the Magistrate Judge's Report and Recommendation and the issues addressed therein de novo, and therefore, Petitioner's Motion for a de novo review of the Report and Recommendation [Doc. 369] is moot.

Petitioner's Motion for Court to take Judicial Notice of "inadequate forensic evaluation" [Doc. 370] is denied as moot.

Petitioner's Motion for de novo review of order denying sanctions against government [Doc. 372] is denied, since no action for sanctions is before the court.

Petitioner's Motion for de novo review of order denying a finding of governmental fraud upon the court [Doc. 373] is raised in Petitioner's § 2255 motion and addressed by the Court's order. Therefore, the motion is moot.

Petitioner's Motion to take judicial notice of a cited case [Doc. 374] is denied; however the Court notes that it considered all citations of authority in its ruling on Petitioner's § 2255 Motion.

Petitioner's Motion to review order denying Petitioner's

request for an FBI agent's identity [Doc. 378] is denied as irrelevant and moot.

Petitioner's Motion requesting return of a copy of a 2003 evaluation [Doc. 379] is denied as moot.

Petitioner's Motion for Leave to file additional amended objections to the Magistrate Judge's Report and Recommendation [Doc. 380] is denied. Petitioner has had an adequate opportunity to object to the Report and Recommendation, the court having previously granted Petitioner an extension of time to file objections to the Report and Recommendation.

CONCLUSION

Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 [Doc. 286] is denied. The Court issues a certificate of appealability as to Petitioner's "Ground Three w" relating to his Sixth Amendment right to a public trial. The remaining pending motions identified hereinabove are either denied or found to be moot.

**SO ORDERED,** this 15th day of June 2010.

**S/CLAY D. LAND**
**UNITED STATES DISTRICT JUDGE**