## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

EDDIE MILTON GAREY, JR.,   :
            :
     Petitioner,  :
v.          :  CASE NO.  5:03-cr-83-CDL-MSH
            :
UNITED STATES OF AMERICA,  :
            :
     Respondent.  :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court are several motions filed by Petitioner. Specifically, Petitioner has pending three motions pursuant to Federal Rules of Civil Procedure Rule 60 seeking relief from judgment (ECF Nos. 422, 460, 463), a motion for de novo review by the district court of a magistrate order (ECF No. 424),[1] a motion to unseal (ECF No. 434), two motions for the financial disclosure statements of several federal employees (ECF Nos. 438, 450), two motions to establish that certain documents have been destroyed in this case (ECF Nos. 453, 454), and a motion for a new trial (ECF No. 459).  For the reasons explained below, it is recommended that Petitioner's motions be denied.

---

[1] This motion is an objection to an Order by the undersigned denying Petitioner's motion to dismiss the indictment against him.  (*See* Text-Only Order, June 20, 2011.)  Because Petitioner seeks de novo review by the district judge, Petitioner's motion is not addressed herein.

## BACKGROUND

Defendant Eddie Milton Garey has filed ten pending motions in his ongoing attempt to reverse or set aside his convictions after being found guilty by a jury on all counts of a twenty-seven count superseding indictment. The indictment, returned March 18, 2004, charged him with eleven counts of interference with interstate commerce by threats of violence, 18 U.S.C. § 1951; five counts of threatening to use a weapon of mass destruction, 18 U.S.C. § 2332a(a)(2); five counts of making a bomb threat, 18 U.S.C. § 844(c); five counts of counterfeit securities, 18 U.S.C. § 513; and one count of possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). Petitioner was convicted on December 17, 2004, and sentenced on August 10, 2005, to 360 months in prison. (ECF Nos. 180, 181, 211, 214.) Garey appealed his convictions on August 22, 2005. (ECF No. 215.) In two opinions, *United States v. Garey*, 540 F.3d 1253 (11th Cir. 2008) and *United States v. Garey*, 546 F.3d 1359 (11th Cir. 2008), his convictions and sentence were affirmed. A petition for a writ of certiorari was denied by the United States Supreme Court initially, *Garey v. United States*, 129 S. Ct. 2432 (2009) and after his request for rehearing, 130 S. Ct. 24 (2009).

Defendant Garey filed a Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 on January 30, 2009. (ECF No. 286.) That motion was denied on June 15, 2010, when the district judge adopted the Report and Recommendation of the magistrate judge to deny his claims for relief after a de novo review of the record. (Order 1-2, 5, Jun. 15, 2010, ECF No. 381.) However, the district judge issued a certificate of appealability on one issue—whether Garey's Sixth Amendment right to a public trial was

2

violated by a brief denial of access to the courtroom to a member of the press, done without the knowledge or authorization of the presiding judge.  (*Id.* at 2-4.)  On appeal, that issue was decided adversely to Garey by the Eleventh Circuit.  *Garey v. United States*, 478 F. App'x 545 (11th Cir. 2012).  Thus, the case ended.

During the pendency of his § 2255 motion and appeals, Garey filed various motions, none of which have any merit.  These motions are addressed below.

## DISCUSSION

### I.     Motions pursuant to Rule 60.

On July 5, 2011 Garey filed a Motion for Relief from Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 422.)  He realleges points decided adversely to him in the Report and Recommendation of the magistrate judge, *supra*, and made the Order of the Court by its adoption by the district judge.  His primary argument is that he was denied a speedy trial as provided by the Speedy Trial Act of 1974 due to delay as a result of his being evaluated for mental competence and the transportation period necessary to conduct the evaluation and that his counsel was constitutionally deficient in failing to raise the point.  However, this precise issue was raised in his § 2255 motion as Ground Three and found to be meritless.

Rule 60(b) permits relief from a judgment or order for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud   (whether   previously   called   intrinsic   or   extrinsic), misrepresentation, or misconduct by an opposing party;

3

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

None of the prescribed bases for relief provided for in the rule are present here. No mistake, inadvertence, surprise or excusable neglect has been alleged by Garey and the record establishes none. There is no newly discovered evidence nor does he describe any. No issue of fraud, misrepresentation or misconduct by the adverse party, here the United States, remains to be addressed, although the record is replete with previous allegations of such by Garey. All have been finally decided against him. The judgment is not void for any reason nor has it been satisfied, released or discharged. Lastly, Garey has articulated no "other reason" for relief except his reassertions of error in prior proceedings. Federal Rules of Civil Procedure Rule 60(b) affords Petitioner no basis for relief and it is recommended that his motion be denied.

Furthermore, in his Rule 60(b) motion Garey includes an allegation that the Anti-Terrorism and Effective Death Penalty Act is "fundamentally unfair" to prisoners who are illiterate. He also alleges that it violates the Americans With Disabilities Act. These are not cognizable grounds for relief in a Rule 60(b) motion as they do not allege any of the grounds for relief prescribed in the rule.

Garey also asserts that the AEDPA and the Prison Litigation Reform Act are Congressional enactments of what he calls "black codes" and constitute structural racism whose purpose is to disenfranchise "poor and negroes" of rights to redress which he

4

alleges arise under the First Amendment.  (Rule 60(b)(4)-(6) Mot. for Relief from J. 10-17, ECF No. 422.)   However, he does not contend that these mere conclusions are specific bases to support Rule 60(b) relief and the Court finds that they are not.  In Part IV of his motion, (*Id.* at 17-28), he argues that the enactment of the one year time limit, the requirement of a certificate of appealability, the successive motion restriction and the actual innocence standard contained in the AEDPA violate the United States Constitution in that they constitute an amendment to the Constitution without following the requirements for amendments found in Article V.   The AEDPA has been found constitutional and his claim is without merit.  *See, e.g., Evans v. Thompson*, 518 F.3d 1, 4-12 (1st Cir. 2008) (discussing constitutionality of different AEDPA provisions).

In his "Supplemental FRCrP 60(b)(4)-(6)"[2] motion Garey reargues the grounds previously decided against him both on appeal and in his prior § 2255 proceeding.  (ECF No. 463.)  He particularly argues that he had conflicted counsel at trial and also that the manner in which he was located, apprehended and ultimately convicted violated his Fourth Amendment right to be free from unreasonable search and seizure.  He again pleads that he was denied a public trial by the brief and unintentional denial of access to the courtroom of a reporter, done by a court security officer without the presiding judge's knowledge and contrary to his expressed rule that all proceedings will be open.  Like the

---

[2] Although it appears that Petitioner is citing to Federal Rules of Criminal Procedure Rule 60, the Court construes his motions as brought under the Federal Rules of Civil Procedure.  Rule 60 of the Federal Criminal Rules provides instructions regarding victims' rights in a criminal proceeding.

assertions in his initial Rule 60(b) motion, all of the grounds raised have been previously decided adversely to him.  *See, e.g., Garey v. United States*, 478 F. App'x at 546.

Likewise, his contentions raised in his Rule 60(d)(3) motion (ECF No. 460) are without merit.  He alleges that government counsel committed fraud on the Court by arguing that the government did not withhold discovery concerning cell phone information from Petitioner during his trial.  (Mot. Under Rule 60(d)(3) 1-2, ECF No. 460.)  Garey bases this argument on another filing—a request for this court to take judicial notice (ECF No. 456) of several records and "discoveries" by Petitioner. Specifically, Petitioner contends that the Court should take judicial notice of indictments and records from a completely unrelated criminal case in the Southern District of Florida, a website, and the Eleventh Circuit's refusal to allow Petitioner to file a second or successive § 2255 claim on this very issue.  *See In re Garey*, No. 12-11692-B, slip op. (11th Cir. Apr. 27, 2012).  Petitioner has not provided any legal argument or evidence to show that by stating that the government did not fail to provide discovery concerning cell phones with the same electronic serial number as Petitioner's, the government has somehow committed fraud on the Court.  This motion is therefore without merit and it is recommended that all of Petitioner's Rule 60 motions be denied.

## II.    Motion to Unseal

Also pending is a motion to unseal (ECF No. 434) the transcript of an in camera examination of an FBI agent by the presiding judge conducted in order to afford Garey full and specific discovery rights.  (*See* ECF Nos. 141, 142, 150.)  This contention was addressed in detail in the report and recommendation issued by the magistrate judge

(Report & Recommendation 14-15, Mar. 29, 2010, ECF No. 357) and adopted by the district judge (Order 1-2, Jun. 15, 2010).  It is without merit and it is recommended that the motion be denied.

## III.    Motions for Financial Disclosures

Two motions brought by Garey seek the disclosure of financial information of various court personnel.  (ECF Nos. 438, 450.)  First, he seeks information regarding financial holdings and investments of the court clerks, counsel of record and judges "involved in the prosecution of this criminal case."  (Req. for Fin. Disclosure 1, ECF No. 438.)  He also seeks an order from the Court pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, to the "Office of Government Ethics" seeking financial statements of Department of Justice officers.  (Mot. for Order Directing Office of Gov't Ethics 1-4, ECF No. 450.)  The procedure for obtaining such information is governed by statute, 5 U.S.C. § 552(3)-(4), and his claim that the information should be provided to him other than as specified in the statute is groundless.

## IV.    Motions to Declare Certain Records as "Lost"

Garey seeks to establish the existence of what he contends are certain "lost records" in two motions.  (ECF Nos. 453, 454.)  In his application brought under 28 U.S.C. § 1734 he alleges that there is a thirty page motion not docketed in his case which was mailed to United States Judge Wilbur Owens between February 12 and February 23, 2004 and responded to by Judge Owens.  He argues that the letter or motion he sent is "relevant to (his) pending certiorari application in the U.S. Supreme Court."  (Appl. Under § 1734 2, ECF No. 453.)  His application for a writ of certiorari referenced in his

motion has been denied. *Garey v. United States*, 133 S. Ct. 645 (2012), *reh'g denied*, 133 S. Ct. 977 (2013). Consequently, to the extent that Petitioner seeks this information in support of his petition for certiorari, that request is moot. It is therefore recommended that Petitioner's motions pursuant to 28 U.S.C. § 1734 be denied.

## V.     Motion for a New Trial

Garey also moves for a new trial under Federal Rules of Criminal Procedure Rule 33.[3] (ECF No. 459.) Initially, the Court notes that Petitioner's motion for a new trial is untimely filed well beyond the three years allotted in Rule 33(b)(1). For this reason alone, Petitioner's motion should be denied.

Furthermore, Petitioner alleges newly discovered evidence in the form of a transcript of an ex parte hearing conducted by the presiding judge with a government agent to determine how to fully meet Garey's discovery demands and also adequately protect confidential surveillance techniques employed by law enforcement. He further alleges that government websites prove his contention that multiple cell phones can carry

---

[3] Rule 33 of the Federal Rules of Criminal Procedure provides:

(a) **Defendant's Motion**.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) **Time to File.**
   (1) **Newly Discovered Evidence.**  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
   (2) **Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

the same electronic identification signal.  This issue was decided against Garey in his initial § 2255 motion and on April 27, 2012 when the United States Court of Appeals for the Eleventh Circuit denied his application for a second or successive § 2255 motion.  *In re Garey*, No. 12-11692-B, slip op. 2-3 (11th Cir. Apr. 27, 2012).  The Eleventh Circuit specifically addressed the question of whether Petitioner's various allegations in this regard meet the statutory criteria found at 28 U.S.C. § 2255(h)(1) and found that it does not since the evidence was previously known to Garey and presented at trial.  *Id.*  For these reasons, Petitioner's motion for a new trial should be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Petitioner's three motions pursuant to Federal Rules of Civil Procedure Rule 60 seeking relief from judgment (ECF Nos. 422, 460, 463), motion to unseal (ECF No. 434), two motions for the financial disclosure statements by several federal employees (ECF Nos. 438, 450), two motions to establish that certain documents have been destroyed in this case (ECF Nos. 453, 454), and motion for a new trial (ECF No. 459) be denied.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 3rd day of October, 2013.

S/ Stephen Hyles_____
UNITED STATES MAGISTRATE JUDGE