IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |  |
|---|---|---|
| EDDIE MILTON GAREY, JR., | * | |
| Petitioner, | * | |
| vs. | * | CASE NO.5:03-CR-83-CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### ORDER

Petitioner has tried desperately to overturn his convictions over the years. His persistence continues but with the same result. The issues he seeks to have reviewed have clearly and finally been decided against him, and any new issues he seeks to raise are frivolous. The Magistrate Judge has diligently and patiently reviewed these filings by Petitioner, and with regard to the most recent ones, reaches the same conclusion—Petitioner is not entitled to the relief that he seeks. After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on October 3, 2013, is hereby approved, adopted, and made the Order of the Court. The objections of the Petitioner to the Report and Recommendation have been considered and are found to be without merit.

Petitioner raises two additional issues not addressed in the Magistrate Judge's most recent Report and Recommendation. First, he seeks to appeal *de novo* the Magistrate Judge's denial of his motion to dismiss the indictment in this case. (ECF No. 424). That appeal is frivolous, and the Court affirms the Magistrate Judge's denial of his motion to dismiss the indictment. Second, he seeks to disqualify the undersigned (ECF No. 477). That motion must also be denied.

Petitioner's motion to disqualify pursuant to 28 U.S.C. §144 is clearly untimely and insufficient. It is filed years after the Court has made numerous rulings in this case, many of which Petitioner seeks to relitigate in his most recent motions. It also contains no affidavit setting out sufficient grounds for disqualification. *See Rhodes v. MacDonald,* 670 F.Supp.2d 1363,1370-71(M.D. Ga. 2009). Therefore, Petitioner's motion to disqualify pursuant to §144 must be denied.

Petitioner's motion to disqualify the undersigned pursuant to 28 U.S.C. §455 is also meritless. Petitioner has failed to raise any legitimate suggestion that the Court has any judicial bias against him. His arguments are focused on his disagreement with the Court's substantive rulings in the case, which cannot form the basis for disqualification. *See Rhodes,* 670 F.Supp.2d at 1373-75. Moreover, his motion is untimely. S*ee Summers v. Singletary,* 119 F.3d 917 (11th Cir. 1997)(§ 455 has a timeliness

requirement).  Accordingly, Petitioner's motion to disqualify, whether based upon §144 or §455, must be denied.

It is also clear that Petitioner has suffered no violation of his due process rights based upon the undersigned's involvement in this case.  No evidence exists that the undersigned has any inappropriate connection to any party or counsel in this case.  *Compare Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).  Again, Petitioner is simply dissatisfied with the Court's substantive rulings in this case.  He has had an opportunity to be heard on those issues by this Court and the appellate courts.  He does not get to pick a new judge simply because he dislikes those rulings.  For all of these reasons, his motion to disqualify the undersigned (ECF No. 477) is denied.

To the extent that Petitioner now or in the future seeks a Certificate of Appealability regarding today's order, the Court finds that he is unable to make the proper showing for one, and any request is denied.

IT IS SO ORDERED, this 13th day of November, 2013.

                                            s/Clay D. Land
                                              CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE