**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 5:03-cr-83-CDL-AGH |
| | : | |
| EDDIE MILTON GAREY, JR., | : | |
| | : | |
| Defendant. | : | |

_____

## <u>ORDER AND RECOMMENDATION</u>

Before the Court are Defendant's motion for compassionate release (ECF No. 499), and eleven (11) additional motions filed by Defendant: (1) he seeks an order directing the Government to provide emergency room records related to an alleged February 28, 2024 hospital admission (ECF No. 519); (2) Defendant requests an order directing the Government to return documents allegedly taken from him on February 27, 2024 (ECF No. 520); (3) he moves for a hearing in this matter (ECF No. 523); (4) Defendant seeks documents related to events which occurred on February 27, 2024, and April 27, 2024 (ECF No. 528); (5) he filed a second motion for the return of documents allegedly taken from him on February 27, 2024, as well as documents related to events that took place on April 27, 2024, and July 3, 2024 (ECF No. 538); (6)—(9) Defendant seeks to have the Court take judicial notice of an alleged July 11, 2024 administrative remedy request, a case decided in the United States District Court for the Northern District of Illinois, various medical records dating from May 2, 2024, to July 5, 2024, and three pages of clinical notes from July 5, 2024 (ECF Nos. 540, 541, 542, 543); and (10)—(11) he asks the Court to take judicial notice of emails

between Defendant and prison medical staff in September and November 2024, and MRI and CT-scan reports (ECF Nos. 549, 550). In his tenth and eleventh motions, Defendant also seeks to compel the production of medical images and reports (ECF No. 549) and to appoint a medical expert (ECF No. 550). As discussed below, it is recommended that his compassionate relief motion be denied; Defendant's other motions are denied.

## RECOMMENDATION

### I.    Factual and Procedural Background

On March 18, 2004, a superseding indictment charged Defendant with eleven counts of interference with commerce by threat or violence (Counts 1s-11s), five counts of the use of weapons of mass destruction based on alleged bomb threats (Counts 12s-16s), five counts of making a bomb threat (Counts 17s-21s), five counts of possessing counterfeit securities (Counts 22s-26s), and one count of possession of a firearm by a convicted felon (Count 27s). Superseding Indict., ECF No. 68. A jury convicted Defendant of all counts following a two-week trial (ECF No. 357, at 1; ECF Nos. 180-81). The Court sentenced Defendant to a total sentence of 360 months in prison (ECF No. 214). The United States Court of Appeals for the Eleventh Circuit affirmed Defendant's conviction and sentence on direct appeal. *United States v. Garey*, 540 F.3d 1253, 1258 (11th Cir. 2008) (en banc) (convictions); *United States v. Garey*, 546 F.3d 1359, 1361 (11th Cir. 2008) (sentences). Defendant then moved to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 273), which the Court denied

2

(ECF Nos. 357, 381), and which denial was affirmed on appeal (ECF No. 437). *See also Garey v. United States*, 478 F. App'x 545, 546 (11th Cir. 2012).[1]

Defendant moves to be released from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. for Comp. Release, ECF No. 499. The Government filed its response (ECF No. 512), to which Defendant filed a reply (ECF Nos. 513, 517). Defendant's motion is ripe for review.

## II. Compassionate Release Standard

### A.   The Compassionate Release Statute

A district court "'may not modify a term of imprisonment once it has been imposed except' under certain circumstances." *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). One such circumstance is the compassionate release exception provided in 18 U.S.C. § 3582(c)(1)(A). *Id.* at 909-10. Under that section, a prisoner may obtain compassionate release if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," the district court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"[2]  18 U.S.C. § 3582(c)(1)(A)(i).

---

[1]  In denying Defendant's motion to vacate, the Court granted a certificate of appealability as to whether Defendant's Sixth Amendment right to a public trial was violated when a member of the press was denied access to voir dire proceedings at Defendant's trial. Order 2-3, June 15, 2010, ECF No. 381. The Eleventh Circuit found this claim procedurally defaulted. *Garey*, 478 F. App'x at 546.

[2]  In addition to extraordinary and compelling reasons warranting a reduction, compassionate release may also be granted to a defendant who is over 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is inapplicable to Defendant.

B.   U.S.S.G. § 1B1.13

The United States Sentencing Commission's policy statement for compassionate release requires a defendant to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(a)(2).   Further, in relevant part, a defendant must establish that "[e]xtraordinary and compelling reasons warrant" compassionate release.   *Id.* § 1B1.13(a)(1)(A).

The Sentencing Commission outlines six circumstances that constitute extraordinary and compelling reasons for a sentence reduction.   U.S.S.G. § 1B1.13(b).   These are: (1) a qualifying medical circumstance of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant was the victim of abuse by an individual with custody or control over the defendant; (5) other circumstances that are similar in gravity to the circumstances described in the first four circumstances; and, (6) the defendant is serving an unusually long sentence and a change in the law would produce a "gross disparity" between that sentence and the sentence that would likely be imposed at the time the defendant's motion was filed.   *Id.*

C.   Governing Eleventh Circuit Precedent

In the Eleventh Circuit, "a district court may not grant compassionate release unless it makes three findings."   *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).   Specifically, a Court must find: "(1) the [18 U.S.C.] § 3553(a) sentencing

factors favor" granting compassionate release; "(2) there are 'extraordinary and compelling reasons' for doing so[;] and, . . . (3) [granting compassionate release] wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction.  Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction."  *Id.* at 1237-38.

A district court may consider these three requirements in any order.  *Tinker*, 14 F.4th at 1237.  And a defendant bears the burden of proving entitlement to compassionate release.  *See United States v. Mantack*, 833 F. App'x 819, 819-20 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). "[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13."  *Giron*, 15 F.4th at 1346.

## III.  Analysis

Defendant contends that he is entitled to compassionate release on six grounds. [3]  First, Defendant argues that the sentence he received, as a black

---

[3]  Most of Defendant's motion and supporting documentation address issues not before the Court when considering a motion for compassionate release pursuant to 18 U.S.C. § 3582(c).  Defendant appears to assert claims more appropriate in habeas proceedings under 28 U.S.C. § 2255.  For example, Defendant alleges that he is "innocent in both fact and law to the offense that the jury was instructed to assess his guilt or innocence upon[.]"  Def.'s Mot. for Comp. Release 3, ECF No. 499. The question of whether Defendant was legally and factually innocent is not properly before the Court on a motion for compassionate release.  "[S]ection 3582(c) does not authorize a district court to consider collateral attacks on a prisoner's conviction."  *United States v. Guerrero*, No. 23-10248, 2023 WL 3961416, at *1 (11th Cir. June 13, 2023).  To the extent Defendant's arguments and supporting

5

defendant, is longer than the sentences imposed on white defendants who were convicted of what he characterizes as similar crimes in other districts. Def.'s Mot. for Comp. Release 6-8, 12-13. Second, he alleges that he was injured by prison officials at various federal prisons. *Id.* at 8-10, 13. Third, he contends that his health deteriorated since 2004, and that he now suffers from various medical conditions. *Id.* at 10-12. Fourth, he alleges that his convictions are generally unlawful for various reasons. *Id.* at 14. Fifth, Defendant argues that individuals more dangerous than him have been granted compassionate release. *Id.* at 16-18. Finally, he contends that the "national average sentence for equally or more serious crimes than . . . [his] have been substantially lower."[4] *Id.* at 18-19.

The Government responds that Defendant has not shown any extraordinary and compelling reasons for compassionate release, and as a result, the Court should deny Defendant's motion. Resp.'s Br. in Opp'n 7-15, ECF No. 507. The Government also argues that the policy statement's "unusually long sentence" provision exceeds

---

documentation pertain to his motion for compassionate release, the Court has considered those arguments and documentation, as discussed more fully below.

Further, it is **RECOMMENDED** that these claims be **DISMISSED** as second or successive § 2255 claims because Defendant has not sought permission from the Eleventh Circuit to file such claims. *See Jeffus v. United States*, No. 21-10202, 2024 WL 3549212, at *1 (11th Cir. July 26, 2024) (citing 28 U.S.C. § 2255(h) and *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("When a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from the appellate court before filing a second or successive § 2255 motion. Absent the appellate court's permission, the district court lacks jurisdiction to address the motion and must dismiss it.").

[4] The Court notes that Defendant's arguments in his reply brief differ from the arguments he makes in his motion for compassionate release. *Compare* Def.'s Mot. for Comp. Release, *with* Def.'s Reply to Mot. for Comp. Release, ECF No. 513. To the extent Defendant's reply arguments have any merit, the Court has considered them, and they are addressed below.

the Commission's delegated authority and is invalid as a result, but that even if it is valid, Defendant is not entitled to relief under that provision. *Id.* at 15-19. The Court agrees that Defendant fails to establish extraordinary and compelling reasons for a sentence reduction. His motion for compassionate release should consequently be denied.

B.  Extraordinary and Compelling Circumstances

As discussed above, a defendant may establish extraordinary and compelling reasons for a sentence reduction by showing one of six circumstances in U.S.S.G. § 1B1.13(b). Defendant fails to establish an extraordinary and compelling circumstance warranting relief. For clarity, the Court addresses each circumstance outlined by § 1B1.13(b) below and discusses how Defendant's arguments fit within each.

i.  *Medical Circumstances of Defendant*

a.  U.S.S.G. § 1B1.13(b)(1)

There are four ways in which a defendant can demonstrate medical circumstances which justify relief. First, he may show that he is suffering from a terminal illness, which is "a serious and advanced illness with an end-of-life trajectory[.]" U.S.S.G. § 1B1.13(b)(1)(A). Second, he can show that he is

> (i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.

7

*Id.* § 1B1.13(b)(1)(B). Third, the defendant can demonstrate that he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Finally, he may present the following circumstance: (1) he is "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;" (2) "due to personal health risk factors and custodial status, [he] is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency" previously described; <u>and</u>, (3) "such risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(D).

b.    Defendant's Allegations

Defendant generally argues that his health deteriorated since 2004 and that he suffers from various medical conditions. Def.'s Mot. for Comp. Release 10-12. In support of his argument, Defendant submitted various medical records from July 20, 2015, to August 18, 2023. Def.'s Mot. Comp. Release Exs. ECF Nos. 499-11, at 3-5; 499-13, at 2-3, 4, 7-11; 499-14; 499-15, at 1-2; 499-16, at 4-9; 499-17, at 3-4, 11-14, 19-20.[5]

---

[5] On January 4, 2024, Defendant also filed duplicates of those records cited, above. *See generally* Exhibits, ECF No. 504.

The Court reviewed these records in detail and finds that Defendant fails to demonstrate an extraordinary and compelling medical circumstance for relief. Defendant has not shown that he suffers from a terminal illness. *See* U.S.S.G. § 1B1.13(b)(1)(A). Defendant similarly fails to demonstrate that he suffers from a serious physical or medical condition, or a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, any of which diminished his ability to provide self-care within his correctional facility. *See id.* § 1B1.13(b)(1)(B). The records establish that Defendant experienced varying degrees of medical issues, the most serious of which appears to have been the need for a transurethral resection of his prostate, along with various cuts and abrasions, and other ailments common to many middle- to older-aged individuals. Def.'s Mot. for Comp. Release Ex. 87-89, at 3, ECF No. 499-15 (transurethral resection); Def.'s Mot. for Comp. Release Ex. 69-79, at 2-3, ECF No. 499-13 (cuts and abrasions). Further, at least two of his medical providers believe Defendant exaggerates his ailments and that he was capable of the activities of daily living within the prison environment, even while his medical providers continued to treat his alleged ailments. Def.'s Mot. for Comp. Release Ex. 69-79, at 10-11.

Defendant also fails to show that he is suffering from a medical condition that requires long-term care that is not being provided. *See* U.S.S.G. § 1B1.13(b)(1)(C). On the contrary, the supporting documentation submitted by Defendant shows that his complaints were acknowledged, and he was given treatment, including numerous

9

diagnostic tests and procedures.    Finally, Defendant fails to show that there was any ongoing outbreak of infectious disease, let alone an infectious disease which could not be mitigated in a timely manner.    *See id.* § 1B1.13(b)(1)(D).    Accordingly, the Court finds that Defendant has not shown any medical circumstances warranting relief under § 1B1.13(b)(1) and his motion for compassionate release should be denied.

### ii.    *Age of Defendant*

#### a.    U.S.S.G. § 1B1.13(b)(2)

Under this provision, a defendant can demonstrate an extraordinary and compelling circumstance for release if he establishes: (1) he is "at least 65 years old;" (2) he is experiencing "serious deterioration in his physical or mental health because of the aging process;" and (3) he "has served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less."    U.S.S.G. § 1B1.13(b)(2).

#### b.    Defendant's Allegations

Defendant does not appear to argue this category, although he contends that the average life expectancy of black males is 64 years.    Def.'s Reply to Mot. for Comp. Release 4, ECF No. 513.    The medical records submitted by Defendant show that he was born in 1964.    *See, e.g.*, Def.'s Mot. for Comp. Release Ex. 53-62, at 5, ECF No. 499-11.    Thus, at the time he filed his motion, he was only 59 years old.    As a result, he cannot be granted relief based upon his age and his motion should be denied.

### iii.    Family Circumstances

#### a.    U.S.S.G. § 1B1.13(b)(3)

A defendant can demonstrate familial circumstances which justify relief in four ways.  First, a defendant can show the "death or incapacitation of the caregiver of [his] minor child or [his] child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition."  U.S.S.G. § 1B1.13(b)(3)(A).   Second, he can show the incapacitation of his "spouse or registered partner" and that he "would be the only available caregiver" for that person.   *Id.* § 1B1.13(b)(3)(B).    Third, a defendant can demonstrate the incapacitation of his parent when he "would be the only available caregiver for the parent."  *Id.* § 1B1.13(b)(3)(C).   Finally, he can establish circumstances "similar" to the three other family circumstances which involve "any other immediate family member or an individual whose relationship with [him] is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual."  *Id.* § 1B1.13(b)(3)(D).   An "immediate family member" includes grandchildren, grandparents, and siblings.  *Id.*

#### b.    Defendant's Allegations

Defendant states that his mother is 75 years old, has "thyroid issues, Caribbean [sic] anemia[,]" and she "deal[s]" with Defendant's sister's mental illness. Def.'s Mot. for Comp. Release 15, ECF No. 499; Def.'s Reply to Mot. for Comp. Release 5, ECF No. 513.   However, Defendant fails to allege that he is the only

available caregiver for any such family member or individual, and nothing in the record otherwise suggests that he is the only available caregiver for any such family member or individual. The Court thus finds that Defendant has not shown any familial circumstances warranting relief under U.S.S.G. § 1B1.13(b)(3) and his motion for compassionate release should be denied.

### iii.    *Victim of Abuse*

#### a.    U.S.S.G. § 1B1.13(b)(4)

There are two ways in which a defendant can justify relief based on having been a victim of abuse. First, a defendant can demonstrate that he was the victim of sexual abuse which involved a "sexual act," as that term is defined in 18 U.S.C. §§ 2246(2) and 2246(2)(D). U.S.S.G. § 1B1.13(b)(4)(A). Alternatively, he can show that he was the victim of physical abuse which resulted in "'serious bodily injury,' as defined in the Commentary to § 1B1.1 (Application Instructions)" if that abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over" the defendant. *Id.* § 1B1.13(b)(4)(B). In either case, a defendant must establish the misconduct "by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.* § 1B1.13(b)(4).

"Serious bodily injury" is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty;

12

or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." Application Notes, U.S.S.G. § 1B1.1(1)(M). "Serious bodily injury" is also "deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. §§ 2241 or 2242 or any similar offense under state law." *Id.*

> b. Defendant's Allegations

Defendant contends that he was injured by prison officials at various federal prisons. Def.'s Mot. for Comp. Release 8-12. In order to establish a right to relief under this provision, Defendant must show that these allegations resulted in a finding of misconduct by a court or administrative body. Consequently, Defendant cites to his case filed in the United States District Court for the Eastern District of Arkansas, *Garey v. Langley, et al.*, No. 2:17-cv-117-LPR (E.D. Ark. July 13, 2017) ("*Langley*"), to support his claim for relief. *Id.* at 10.

In *Langley*, Defendant claimed that various correctional officer defendants: were deliberately indifferent to his serious medical needs; committed assault and battery by handcuffing him too tightly; were negligent because they caused injury to him by failing to provide him with a working walker; stole his property without returning it; and violated the Americans with Disabilities Act. *See generally Langley*, Compl., ECF No. 1. Relevant here, the district court held a jury trial and bench trial on several of Defendant's claims between July 20 and July 23, 2021. *Langley*, Order 1, ECF No. 486. Defendant was represented by appointed counsel

13

during the trials.  *Id.* at 1 n.2.  Defendant claimed that Quinton White, a prison correctional officer at Forrest City FCI, "committed assault and battery in two ways: (1) by requiring [Defendant] to try and stand during a security count, which led to [Defendant] falling; and (2) by 'grabb[ing] and snatch[ing] [Defendant] up by his arms [and] jerking him up backwards' after [Defendant] fell."  *Id.* at 13-14 (third, fourth, and sixth alterations in original).  The district court found, on the merits, that Defendant "failed to prove that Officer [White] committed battery."[6]  *Id.* at 39.

Defendant also asserted claims against Clifford Nichols, a prison correctional officer located at Forrest City FCI.  The district court found that Defendant proved that Officer Nichols was negligent when he placed handcuffs on Defendant that were too tight, but that the "accidental tightness of the cuffs . . . [did not] convert an otherwise lawful contact into a wrongful or offensive contact."  *Id.* at 39, 43, 47, 49. In other words, the district court found that Officer Nichols's "conduct constituted negligence and not the intentional tort of battery."  *Id.* at 49.  Finally, the district court found that Defendant "failed to show that he suffered any permanent injuries for which he will have to seek treatment in the future."  *Id.* at 48.

For two reasons, Defendant is not entitled to relief under the victim of abuse provision.  First, none of the findings of the district court involved any sexual acts. *See* U.S.S.G. § 1B1.13(b)(4)(A).  Second, although the district court found that

---

[6]  The district court incorrectly referred to Officer Nichols, rather than Officer White in its order. Nevertheless, it is clear from the context of the sentence that the district court intended to refer to Officer White.  *Langley*, Order 39, ECF No. 486.

Defendant proved Officer Nichols acted negligently when he placed handcuffs on Defendant too tightly, the district court also found that Defendant failed to show he sustained injuries which would require future treatment.  *See id.* § 1B1.13(b)(4)(B). In other words, Defendant fails to show a serious bodily injury.  Thus, the Court finds that Defendant has not shown that he was a victim of abuse as defined by § 1B1.13(b)(4) and his motion for compassionate release should be denied.

       *v.*    *Other Reasons*

       a.    U.S.S.G. § 1B1.13(b)(5)

A defendant can also establish extraordinary and compelling reasons under the catchall, "other reasons," which includes "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" described in the first four circumstances "are similar in gravity to those" first four circumstances.  U.S.S.G. § 1B1.13(b)(5).  To qualify for relief under this "other reasons" provision, the defendant must show circumstances that are similar in gravity to: terminal illnesses, an inability to provide self-care, a medical condition which can result in death if it is not treated at his facility, or an ongoing outbreak of an infectious disease or public health emergency; that his minor child's caretaker has died, that his spouse or partner is incapacitated and he would be the only caretaker, or that he is the only caretaker for his incapacitated parent; or that he was a victim of abuse.[7]  *Id.* § 1B1.13(b)(5).

---

[7]  The Eleventh Circuit recently noted that it held, under the prior version of §1B1.13, that the "catch-all" category of "'other reasons' as determined by the Director of the Bureau of Prisons" did not "grant

b.    Defendant's Allegations

Defendant fails to allege facts that would require relief under the "other reasons" provision; the Court found that Defendants assertions as to the first four sections above do not merit relief.    Defendant's remaining allegations amount to an attempt to collaterally attack his conviction, which, as previously explained, is not authorized by § 3582(c).    *United States v. Guerrero*, No. 23-10248, 2023 WL 3961416, at *1 (11th Cir. June 13, 2023) ("[S]ection 3582(c) does not authorize a district court to consider collateral attacks on a prisoner's conviction.").    Defendant is thus not entitled to relief for "other reasons" and his motion should be denied.

vi.    *Unusually Long Sentence*

a.    U.S.S.G. § 1B1.13(b)(6)

Finally, a defendant may be able to establish an extraordinary and compelling circumstance if he is serving an "unusually long sentence[.]"    U.S.S.G. § 1B1.13(b)(6).[8]    Under that provision,

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such

---

discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Simmons*, No. 22-13920, 2024 WL 2046026, at *3 (11th Cir. May 8, 2024) (quoting *Bryant*, 996 F.3d at 1249-50, 1247-48).

[8]    The Government contends that this provision exceeds the Sentencing Commission's delegated authority and is therefore invalid.    Resp.'s Br. in Opp'n 15-18, ECF No. 507.    Alternatively, the Government argues that Defendant is ineligible for relief under the unusually long sentence provision. *Id.* at 19.    Because the Court finds that the unusually long sentence provision affords Defendant no relief, the Court does not reach the Government's argument that the provision exceeds the Sentencing Commission's delegated authority.

> change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* This provision is an exception to the generalized limitation that changes in the law, including amendments to the Guidelines Manual that have not been made retroactive, cannot be considered when determining whether extraordinary and compelling reasons exist under § 1B1.13. *See id.* § 1B1.13(c).

### b.    Defendant's Allegations

Condensing his arguments down, Defendant alleges he is entitled to relief under this provision for two reasons. First, he asserts that his sentence is an unusually long sentence when compared to white defendants who received sentences for crimes that Defendant argues are similar or identical to the crimes he committed.[9] *See, e.g.*, Def.'s Mot. for Comp. Release 12-14, ECF No. 499. He further claims that the national average sentence for crimes similar to his committed by defendants of a different race are lower than his sentence. Def.'s Reply to Mot. for Comp. Release 7-8, 12-14, 16, ECF No. 513. Second, he contends that a change in the law occurred because of *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), which would result in a significantly lower sentence if he were sentenced today.[10] *Id.* at

---

[9]  Defendant also argues that other more dangerous defendants have been granted compassionate release. Def.'s Mot. for Comp. Release 16-19, ECF No. 499. The Court considered those arguments here to the extent relevant to this discussion.

[10]  In *Dupree*, the Eleventh Circuit overruled prior precedent to "conclude that the text of [U.S.S.G.] § 4B1.2(b) unambiguously excludes inchoate offenses . . . and we have no need to consider, much less defer to, the commentary in Application Note 1." *Dupree*, 57 F.4th at 1280, 1280 n.9. In so holding, the Eleventh Circuit reversed course on how it construes the commentary in the Application Notes to

15.    Specifically, Defendant claims that, because of *Dupree*, the Court could not rely on the Commentary to U.S.S.G. § 3A1.4 in determining whether the terrorism enhancement applied to him.    *Id.*    Defendant's arguments miss the mark.

Defendant first contends that disparities exists in sentencing between himself and other unknown defendants of a different race.    However, whether Defendant was sentenced to a lengthier sentence than another defendant in another case has no bearing on the issue here—whether there has been a change in the law that produced a gross disparity between the sentence Defendant would receive now compared to the sentence he received at sentencing.    This argument is thus unavailing and Defendant's motion for compassionate release should be denied.

In his reply to the motion for compassionate release, Defendant cites to *Dupree* as a change in the law that would result in a different sentence if Defendant were sentenced today.    *See* Def.'s Reply to Mot. for Comp. Release 14-15.    But *Dupree* is inapplicable to Defendant's sentence.    Although the Court necessarily relied on the Commentary for § 3A1.4 because the definition of a "federal crime of terrorism" is defined in Application Note 1, it did not "expand" the terrorism provision by adding

---

the Guidelines.    Previously, the court held that the Application Notes represented a binding interpretation of the Guidelines.    *See, e.g.*, *United States v. Lange*, 862 F.3d 1290, 1294 (11th Cir. 2017) ("[T]h[is] commentary constitutes a binding interpretation of the term 'controlled substance offense.'" (alterations in original) (internal quotation marks and citation omitted)).    *Dupree* stands for the proposition that, "using traditional tools of statutory interpretation," when a Guideline provision is unambiguous, the court cannot and should not consider the commentary to the Guidelines—especially if that commentary will expand an unambiguous definition in the text of the Guideline provision itself.    *Dupree*, 57 F.4th at 1277-80.

acts which were not already covered by the provision. *See* Order 7, Aug. 10, 2005, ECF No. 210-2. In fact, § 3A1.4 does not define "federal crime of terrorism" except in the commentary. *See* U.S.S.G. § 3A1.4. Thus, even after *Dupree*, the Court properly referred to the commentary to determine whether the terrorism enhancement applied to Defendant's sentence.

Defendant contends that *Dupree* caused two changes in the law that would have directly impacted his sentence. Defendant contends: (1) that *Dupree* caused the Sentencing Commission to eliminate almost all commentary to the Guidelines, and (2) that post-*Dupree*, the Sentencing Commission changed or eliminated Application Note 4 to § 3A1.4. Def.'s Reply to Mot. for Comp. Release 14. But these assertions are incorrect. The Guidelines continue to contain commentary and Application Note 4 to § 3A1.4 remains the same today as it did at the time of Defendant's sentencing in 2005. *See* U.S.S.G. § 3A1.4 cmt. hist. n. (noting the most recent amendment to § 3A1.4 occurred in 2002). Defendant is thus not entitled to relief for an unusually long sentence and his motion for compassionate release should be denied.

## IV.  Conclusion

Having considered Defendant's arguments and the evidence presented by him, the Court recommends that Defendant's motion for compassionate release be denied because Defendant has not shown extraordinary circumstances.[11]

---

[11]  As Defendant fails to show extraordinary and compelling reasons for compassionate release, the

# ORDER

## I. Emergency Room Records

Defendant moves pursuant to U.S.S.G. § 1B1.13(b)(3) and Federal Rule of Evidence 201 for an order compelling the Government to provide medical records from a February 28, 2024 emergency room visit, or for the Court to take judicial notice of those records (ECF No. 519).[12]   This motion is denied.

First, neither § 1B1.13(b)(3) nor Rule 201 provides the Court with authority to compel the production of documents.   Second, Defendant acknowledges that the documentation he seeks shows that he did not sustain "any fractures or broken bones," but asserts that he sustained a "golf ball sized swelling in [his] left shoulder as well as the aggravation of [his] existing back and shoulder pain" which makes it "more difficult for [Defendant] to move or transfer himself from the bed to the toilet [and] to the wheelchair and vice-versa[.]"   Def.'s Mot. to Produce Med. Rs. 1, ECF No. 519.   Based on Defendant's description of the medical records, it is apparent that they would not change the Court's finding that Defendant failed to demonstrate extraordinary circumstances based on his medical conditions, as discussed above. Thus, Defendant's motion seeking an order directing the Government to provide

---

Court need not consider the factors set forth in 18 U.S.C. § 3553(a).   *Giron*, 15 F.4th at 1350.

[12]   While Defendant wrote February 18, 2024 in the body of his motion as the date of the emergency room visit, he attached what appears to be a hospital identification bracelet to his motion, and that bracelet shows that he was admitted on February 28, 2024.   *See* Def.'s Mot. to Produce Med. Rs. 1, ECF No. 519.

emergency room records (ECF No. 519) is **DENIED**.[13]

## II.    Legal Documents and Funds

In relevant part, Defendant seeks the return of papers allegedly taken from him on February 27, 2024.   Def.'s Mot. for Return of Papers 2, ECF No. 520.   The remainder of Defendant's motion appears to address matters not before the Court, such as allegations regarding the failure of officers to activate body cams.   *See generally id.*   As he has been able to present his case such that the Court could consider his arguments, Defendant's motion for an order directing the Government to return documents (ECF No. 520) is **DENIED**.[14]

## III.    Motion for Hearing

Defendant moves for a hearing in this matter, the purpose of which "would be to compel the DOJ to produce . . . records related to the reason [he] is in SHU under investigation[.]"   Def.'s Mot. for Hearing 7, ECF No. 523.   The Court had before it a sufficient record, such that it was able to determine that Defendant was not entitled to compassionate release without a hearing.   Thus, Defendant's motion for a hearing (ECF No. 523) is **DENIED**.   To the extent that Defendant seeks a hearing for issues

---

[13]   Defendant, of course, is entitled to request these documents directly from the hospital.

[14]   Defendant also requests that the Government be ordered to provide him with funds and legal "amenities" necessary for him to prosecute his motion for compassionate release.   Def.'s Mot. for Return of Papers 1.   The Court notes that, since filing his motion for compassionate release, Defendant filed approximately thirty-four additional documents, <u>not</u> including changes of address or the motions the Court now considers.   (ECF Nos. 504, 505, 508, 509, 513, 514, 515, 516, 517, 518, 522, 524, 525, 526, 529, 530, 531, 532, 533, 534, 535, 537, 539, 544, 545, 547, 548, 551, 552, 553, 554, 555, 556, 557, 558).   These filings span approximately 424 pages, which undercuts Defendant's argument that he is being denied access to materials.

unrelated to this case, his motion is likewise **DENIED**.

## IV.    Motions to Compel

Defendant's motions to compel the production of records appear to request that the Court simultaneously compel the production of records and to take judicial notice of said records.    Def.'s Mot. to Compel, ECF No. 528; Def.'s Mot. to Compel, ECF No. 549).    However, the records requested by Defendant are irrelevant to his motion for compassionate release.    Defendant's motions to compel (ECF Nos. 528, 549) are consequently **DENIED**.

## V.    Legal Documents

Defendant filed a second motion for the return of documents allegedly taken from him on February 27, 2024, as well as documents related to events on April 27, 2024, and July 3, 2024 (ECF No. 538).    In relevant part, Defendant alleges that these documents were confiscated to impede his ability to litigate his motion for compassionate release.    Def.'s 2nd Mot. for Return of Docs. 2, ECF No. 538.    As the Court previously noted, Defendant was able to present his claims such that the Court could properly consider Defendant's compassionate release motion.    Defendant's second motion for the return of his documents (ECF No. 538) is **DENIED**.

## VI.    Judicial Notice

Defendant moves the Court to take judicial notice in various ways.    First, Defendant seeks judicial notice of a July 14, 2024 response to his July 11, 2024 administrative remedy informal resolution request.    Def.'s Mot. for Jud. Notice, July

30, 2024, ECF No. 540. Second, he requests judicial notice of a case out of the Northern District of Illinois. Def.'s Mot. for Jud. Notice, Aug. 9, 2024, ECF No. 541. Third, Defendant asks for judicial notice of certain medical records. Def.'s Mot. for Jud. Notice, Aug. 13, 2024, ECF No. 542. Finally, Defendant again seeks judicial notice of additional medical records. Def.'s Mot. for Jud. Notice, Aug. 13, 2024, ECF No. 543; Def.'s Mot. for Jud. Notice, Nov. 13, 2024, ECF No. 549; Def.'s Mot. for Jud. Notice, Nov. 22, 2024, ECF No. 550. Defendant's motions are denied for two reasons.

First, the facts, generally, which Defendant seeks to be judicially noticed are not within the Court's geographic region, and they are not the kind of which their authenticity will not be disputed. Second, to the extent that the Court <u>may</u> take judicial notice of the district court case, it is not required to do so, and in this case, the Court declines to do so because the district court case cited by Defendant is not relevant to the motion he seeks to support and the question therein: namely, whether he has presented extraordinary and compelling reasons to merit relief. Defendant's motions for judicial notice (ECF Nos. 540, 541, 542, 543, 549, 550) are consequently **DENIED**.

## VII. Appointment of Medical Expert

Finally, Defendant asks the Court to appoint a medical expert. Def.'s Mot. to Appoint Med. Expert, ECF No. 550. "Rule 706 gives district courts the discretionary authority to appoint experts." *Magee v. United States*, No. 21-13634, 2023 WL 4623611, at *4 (11th Cir. July 19, 2023) (citing Fed. R. Evid. 706(a)). District courts,

23

however, are "generally . . . under no affirmative obligation to grant the party's request." *Id.* When deciding whether to appoint an expert, the Court must "thoroughly consider[]" the request and "reasonably explain[] its ultimate decision thereon[.]" *Id.*

Having thoroughly considered Defendant's request for appointment of a medical expert, the Court finds that appointment of such an expert is not required. This is because the Court previously considered the medical evidence provided by Defendant in its Recommendation on the compassionate release motion, above, and it was "readily comprehensible" to the Court that the medical evidence did not support Defendant's claims. *Id.* Rather, as the Court noted, the records show that Defendant's health complaints were taken seriously—if somewhat skeptically due to Defendant's possible malingering—and were treated in appropriate ways. In fact, the emails Defendant submits in support of his request to compel the production of even more medical records show that the medical team was courteous and actively treating Defendant's numerous medical issues. *See, e.g.*, Def.'s Mot. for Jud. Notice Ex. Prison Docs. 2, Nov. 13, 2024, ECF No. 549-1 ("I also got your x-rays back . . . The chest x-ray was normal. The sinus x-rays showed acute sinusitis. Dr. Swindell wants to have you finish the doxycycline antibiotic prescription and see how you do. If that does not clear the symptoms by the time you finish it we can put in for the Augmentin."). Thus, Defendant's motion to appoint a medical expert (ECF No. 550) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's motion seeking an order directing the Government to provide emergency room records (ECF No. 519), motion for an order directing the Government to return documents (ECF No. 520), motion for a hearing (ECF No. 523), motions to compel (ECF Nos. 528, 549), motion for the return of his documents (ECF No. 538), motions for judicial notice (ECF Nos. 540, 541, 542, 543, 549, 550), and motion to appoint a medical expert (ECF No. 550) are **DENIED**. Further, **IT IS RECOMMENDED** that Defendant's motion for compassionate release (ECF No. 499) be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the

25

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 10th day of January, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

26