```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF GEORGIA
            MACON DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA  * | |
| vs.                        * | |
|                              | CASE NO. 5:03-CR-83 (CDL) |
| EDDIE MILTON GAREY, JR.,   * | |
|     Defendant.             * | |

O R D E R

Presently pending before the Court are Defendant's motion for reconsideration (ECF No. 570) and his motion for de novo review (ECF No. 584). As discussed below, both motions are denied.

DISCUSSION

**I. Defendant's Motion for Reconsideration (ECF No. 570)**

Defendant filed a motion for reconsideration (ECF No. 570) of the Court's March 27, 2025 order (ECF No. 569) adopting a Report and Recommendation (ECF No. 559) that recommended denying Defendant's motion for compassionate release (ECF No. 499). Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

Here, Defendant asserts that the Court made a clear error of law or fact when it determined that Defendant's motion for

compassionate release should be denied. Defendant contends that the Court should have concluded that he was the victim of physical abuse resulting in serious bodily injury to his rotator cuff within the meaning of U.S.S.G. § 1B1.13(b)(4). The Court already considered and rejected this argument because the only finding of liability Defendant presented was an Arkansas district court's conclusion, following a bench trial, that Defendant suffered non-permanent injuries after a corrections officer negligently handcuffed Defendant behind his back. Mem. of Decision 46-47, ECF No. 486 in 2:17-cv-00117-LPR (E.D. Ark. Sept. 13, 2021). The judge expressly concluded that the officer did not intentionally harm Defendant and that Defendant failed to establish that the handcuffing resulted in any permanent injuries. *Id.* at 48-49. Thus, the Court is not persuaded that the Arkansas court's decision on Defendant's negligence claim establishes that Defendant was a victim of physical abuse that resulted in serious bodily injury.

Moreover, even if the Court concluded that Defendant established that he was a victim of abuse within the meaning of U.S.S.G. § 1B1.13(b)(4)—which he did not—Defendant would only be entitled to a sentence reduction if he met *all three* requirements for compassionate release, including support for a sentence reduction considering the 18 U.S.C. § 3553(a) sentencing factors and adherence to applicable policy statements issued by the Sentencing Commission, including U.S.S.G. § 1B1.13(a)(2). *United*

2

*States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Here, in considering the motion for compassionate release, the Court found no support for a sentence reduction based on the sentencing factors found at 18 U.S.C. § 3553(a). For all these reasons, the Court denies Defendant's motion for reconsideration (ECF No. 570).

## II. Defendant's Motion for De Novo Review (ECF No. 584)

The Court also denies Defendant's motion for de novo review (ECF No. 584) of the Magistrate's order (ECF No. 581) denying his motion for the Court to take judicial notice of certain documents (ECF No. 560). Those documents appear to be medical records, including medical records related to a 2015 CT scan of his head and a 2024 MRI of his head. Defendant seems to argue that these records show that he has a chronic sinus condition. The "facts" Defendant wants the Court to judicially notice are not the type of facts the Court may judicially notice under Federal Rule of Evidence 201. Moreover, it is not clear why Defendant seeks to introduce this evidence or how it is relevant to an issue raised by a pending substantive motion that the Court must decide in this matter. For these reasons, the Court denies the motion for de novo review (ECF No. 581) and affirms the Magistrate's order denying the motion for judicial notice.

IT IS SO ORDERED, this 21st day of October, 2025.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA